IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRIS MERKEL and KAMI MERKEL,<br><br>    Plaintiffs,<br><br>vs.<br><br>GIANT A & M, INC., and LYNN MADSEN,<br><br>    Defendants.<br>_____<br>IN THE MATTER OF:<br><br>GIANT A & M, INC.,<br><br>    Debtor(s) | CASE NO. 8:13CV44<br><br>AMENDED<br>MEMORANDUM<br>AND ORDER<br><br>_____<br><br>CASE NO. BK12-82208-TLS<br>A12-8085-TLS<br><br>CH. 11 |

This matter is before the Court on the Motion for Summary Judgment (Filing No. 25) submitted by Plaintiff Chris Merkel ("Mr. Merkel"). The Motion is supported by a brief (Filing No. 29) and evidence (Filing Nos. 27 and 28). Mr. Merkel's brief contains a statement of uncontroverted facts, with pinpoint citations to the record in compliance with this Court's local rules. See NECivR 56.1(a). The Defendants have not responded to the Motion. Accordingly, Mr. Merkel's properly referenced material facts are deemed admitted. See NECivR 56.1(b)(1). Although the Defendants' failure to respond to the Motion is not a confession of the Motion (see NECivR 56.1(b)(2)), the Court concludes that Mr. Merkel has met his burden under Fed. R. Civ. P. 56 of demonstrating that he is entitled to judgment as a matter of law on his breach-of-contract claim against Defendant Giant A&M, Inc. ("Giant").

## STANDARD OF REVIEW

"Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, demonstrates there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Gage v. HSM Elec. Prot. Servs., Inc.,* 655 F.3d 821, 825 (8th Cir. 2011) (citing Fed. R. Civ. P. 56(c)). The court will view "all facts in the light most favorable to the nonmoving party and mak[e] all reasonable inferences in [that party's] favor." *Schmidt v. Des Moines Pub. Sch.,* 655 F.3d 811, 819 (8th Cir 2011). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue . . . Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The moving party need not negate the nonmoving party's claims by showing "the absence of a genuine issue of material fact." *Id.* at 325. Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Id.*

In response to the movant's showing, the nonmoving party's burden is to produce specific facts demonstrating "'a genuine issue of material fact' such that [its] claim should proceed to trial." *Nitro Distrib., Inc. v. Alticor, Inc.*, 565 F.3d 417, 422 (8th Cir. 2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The nonmoving party "'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir.) (quoting *Matsushita*, 475 U.S. at 586-87)), *cert. denied*, 132

2

S. Ct. 513 (2011). "'[T]he mere existence of some alleged factual dispute between the parties'" will not defeat an otherwise properly supported motion for summary judgment. *Quinn v. St. Louis County.*, 653 F.3d 745, 751 (8th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)).

In other words, in deciding "a motion for summary judgment, 'facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts.'" *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). Otherwise, where the Court finds that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party"– where there is no "'genuine issue for trial'"–summary judgment is appropriate. *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

## FACTS

Giant is a Nebraska corporation engaged in the production and sale of generic automotive parts and accessories associated with the automotive industry. On December 20, 2007, Mr. Merkel was engaged by Giant as its Chief Executive Officer pursuant to a written employment contract (Filing No. 28-2, the "Contract"). He performed his contractual obligations to Giant until his termination on or about July 6, 2010. (Declaration of Mr. Merkel, Filing No. 28-8 at ¶ 10.) At the time of his termination, Mr. Merkel's base compensation was $85,000.00 per year.

Giant failed to "continue to pay the CEO his then monthly salary . . . for 48 consecutive months thereafter as an agreed upon severance payment" as required by the Contract. (Filing No. 28-2 at ¶ 5.)

3

**DISCUSSION**

Giant has not come forward with evidence or argument demonstrating any genuine issue of material fact with respect to Mr. Merkel's entitlement to his severance pay pursuant to the Contract in the total sum of $340,000.00, and judgment will be awarded to Mr. Merkel in that amount on his breach-of-contract claim against Giant.

Mr. Merkel also seeks an award of attorney fees and an order requiring Giant to pay to the Nebraska State Treasurer a sum equal to twice his unpaid "wages" pursuant to Nebraska's Wage Payment and Collection Act, Neb. Rev. Stat. § 48-1228 *et seq*. (Reissue 2010). He has not demonstrated, however, that his severance pay would be considered "wages" or "compensation for labor or services rendered" under the definition set out in Neb. Rev. Stat. § 48-1229(4).

Mr. Merkel states in his Brief that his other claims are not "consequential" (Filing No. 29 at 1), and the Court will dismiss those claims, absent a showing by the Plaintiffs on or before May 30, 2014, why such remaining claims should not be dismissed.

Accordingly,

IT IS ORDERED:

1. The Motion for Summary Judgment (Filing No. 25) submitted by Plaintiff Chris Merkel is granted, in part, as follows:

> Judgment will be entered in favor of Plaintiff Chris Merkel and against Defendant Giant A&M, Inc., on Chris Merkel's claim for breach of contract, in the sum of $340,000.00;

the Motion is otherwise denied; and

2. In the absence of a showing by Plaintiffs on or before May 30, 2014, why the remainder of their claims should not be dismissed, a separate Judgment consistent with this Memorandum and Order will be entered, and the remaining claims dismissed, without prejudice.

Dated this 15th day of May, 2014.

                              BY THE COURT:

                              s/Laurie Smith Camp
                              Chief United States District Judge